CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
August 27, 2025
LAURA A. AUSTIN, CLERK
BY: s/B. McAbee
    DEPUTY CLERK

IN THE UNITED STATES DISCTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 4:19-cr-00009 |
| v.  ) | |
| ) | By: Elizabeth K. Dillon |
| MICHAEL SHANE DEBAERE ) | Chief United States District Judge |

## MEMORANDUM OPINION AND ORDER

Pending before the court are two *pro se* motions filed by defendant Michael Shane DeBaere: (1) a motion for early termination of supervised release (Mot. for Early Term. Sup. Rel., Dkt. No. 32); and (2) a motion to compel production of the probation office's supervision report (Mot. to Compel 1–5, Dkt. No. 38). No party has requested a hearing, and the court finds that one is unnecessary to resolve these matters. For the reasons set forth below, both motions will be denied.

### I. BACKGROUND

This is DeBaere's second motion for early termination of supervised release within a two-year span. The court's previous order denying his initial motion provides a more detailed overview of the transfer of his case from the United States District Court for the Middle District of North Carolina, as well as subsequent modifications to his conditions of supervised release. (*See* Dkt. No. 31.)

In brief, on February 25, 2015, DeBaere was sentenced to 70 months of imprisonment and 15 years of supervised release after pleading guilty to the crime of accessing, with intent to view, child pornography. (J. 1–3, Dkt. No. 1-2.) He is currently in the sixth year of his supervised release, which is set to end on March 7, 2034. (Order Transferring Jurisdiction 1, Dkt. No. 1.)

The court denied DeBaere's first motion for early termination of supervised release primarily due to the serious nature of his underlying offense, which involved over 1,300 images of child pornography—including depictions of sadistic or masochistic conduct, bondage of children, and images of prepubescent minors. (*See generally* Dkt. No. 31.) At the time, DeBaere had served less than five years—under one-third—of his 15-year supervised release term.[1] While acknowledging DeBaere's compliance with the conditions of his supervised release and personal progress, the court emphasized that neither compliance nor the passage of time alone justifies early termination. Given these factors and the continuing need for deterrence and public safety, the court found early termination to be unwarranted. However, it clarified that the ruling "does not preclude DeBaere from seeking early termination of supervised release in the future." (*Id.* at 4 n.1.)

Having now served over five years of supervised release, DeBaere filed another motion seeking early termination. (Mot. for Early Term. Sup. Rel.) On the same day, he sent a separate letter to his probation officer requesting support and a recommendation for termination of his supervised release, believing such endorsement would carry significant weight with the court. (Probation Rec. Req. 6–12, Dkt. No. 38.) Shortly thereafter, the U.S. Probation Office emailed a two-page letter (hereafter "the report") directly to the court, ultimately recommending that DeBaere remain on supervised release.[2]

Following receipt of the Probation Office's letter, the court ordered the United States to respond to DeBaere's motion. (Dkt. No. 33.) The government subsequently filed its response in opposition. (Dkt. No. 35.) DeBaere then filed a reply in support of his motion. (Dkt. No. 36.)

---

[1] DeBaere's conviction carried a mandatory minimum of five years of supervised release at sentencing.

[2] This letter was sent exclusively to the court and was not shared with DeBaere or the government. The contents of the letter are discussed below. (*See infra* Sec. II.B.)

In connection with that filing, DeBaere submitted a separate motion to compel, seeking a copy of the report provided to the court by the Probation Office. (Mot. to Compel.) He contends that he is entitled to the report and that it is necessary to adequately respond to the government's opposition. (*Id.* at 1.) He further requests leave to file a supplement to his reply brief upon receipt and review of the report. (*Id.* at 5.) Because this report is directly relevant to DeBaere's early termination request, the court will first address the motion to compel before considering the motion for early termination of supervised release.

## II. DISCUSSION

**A. Motion to Compel Production of the Probation Supervision Report[3]**

Following the government's opposition to his motion for early termination of supervised release (Dkt. No. 35), DeBaere wrote to his probation officer on May 6, 2025, requesting a copy of the report submitted by the U.S. Probation Office to the court in response to his motion. (*See* First Letter to Probation 13–16, Dkt. No. 38.) He argued that, because the government relied on the report to oppose his motion and the court may also rely on it in ruling, access to the report is "critical to [his] ability to respond effectively, correct misrepresentations, and highlight favorable evidence of compliance." (*Id.* at 14.)

When the U.S. Probation Office did not respond promptly, DeBaere sent a follow-up letter on May 15, 2025, requesting an update on the status of his request and providing additional support for his perceived right to access the report. (*See* Second Letter to Probation 17–19, Dkt. No. 38.) On May 19, 2025, the Probation Office responded by phone, informing DeBaere that the Office does not disclose such documents to defendants. (Mot. to Compel at 2.) Thereafter,

---

[3] As noted above, the report is a two-page letter submitted to the court by the Probation Office. The court emphasizes this to make clear that it is the only document at issue in DeBaere's motion to compel. Although DeBaere's motion lists various materials he believes may have been submitted by the Probation Office in connection with his early termination motion, the court confirms that it received only the two-page letter.

on May 30, 2025, DeBaere filed a motion to "compel the United States Probation Office to produce all supervision reports, notes, memoranda, correspondence, polygraph results, and other records maintained or submitted by the Probation Office, that document Defendant's compliance, conduct, or risk assessment, that were submitted in response to Defendant's Motion for Early Termination of Supervised Release." (Mot. to Compel 1.)

As a preliminary matter, contrary to DeBaere's contention, the report was shared exclusively with the court. There is nothing in the record to suggest that the government had access to the report or relied on it in any way when preparing its response in opposition. Thus, DeBaere's assertion that "the government filed an opposition [], referencing a supervision report prepared by the Probation Office," is unfounded. (Mot. to Compel 2.) Nowhere in the government's opposition does it reference a probation report.[4] (*See* Dkt. No. 35.) Accordingly, any claim that DeBaere was prejudiced by an inability to fully respond to the government's opposition—based on the mistaken belief that the government had access to the report while he did not—is without merit. In any event, the court considers the motion under a narrower lens: whether DeBaere has a right to access the report submitted solely to the court in response to his motion for early termination of supervised release. For the reasons that follow, the court finds that DeBaere has no such right.

1. **None of the authorities cited by DeBaere establish any right to access the probation report submitted to the court.**

DeBaere cites a range of authorities that he claims entitle him to access the report submitted to the court in response to his motion for early termination of supervised release,

---

[4] The only references to probation in the government's response appear when it states that "the United States understands that [DeBaere] has remained fully compliant with the terms and conditions of his supervised release" (Dkt. No. 35 at 2), and when it argues that "the close supervision by his Probation Officer and the conditions of his release have likely contributed to his success thus far" (*Id.* at 3). These statements do not suggest or imply that the government had access to, or relied upon, the report submitted to the court by the Probation Office.

including "18 U.S.C. § 3583(e)(1), *Guide to Judiciary Policy*, Vol. 8, Part E, § 220.40, Federal Rule of Criminal Procedure 32.1, [] the Fifth Amendment's Due Process Clause[,]" and other "inherent [court] authority." (Mot. to Compel 2–3.) The court addresses each in turn.

First, 18 U.S.C. § 3583(e)(1) permits a court to modify a term of supervised release after considering the sentencing factors outlined in 18 U.S.C. § 3553(a), if such a modification is "warranted by the conduct of the defendant released and the interest of justice." While this provision is relevant to the court's consideration of DeBaere's early termination motion, it provides no express or implied right for a defendant to access a probation officer's report submitted in connection with that motion. Therefore, § 3583(e)(1) does not provide a legal basis for disclosure.[5]

Second, DeBaere cites what purports to be a quotation from the *Guide to Judiciary Policy*, Vol. 8, Pt. E, § 220.40, stating: "When supervision records are submitted to the court for proceedings, such as modification or termination of supervision, [they] shall be made available to the defendant or counsel, unless confidentiality is required to protect third parties." (Mot. to Compel 2.) However, the court is unable to verify the existence of this provision—§ 220.40 does not exist in the cited volume of the *Guide*, and the quoted language does not appear in any official source, including statutes, case law, or recognized judiciary policy. It appears that the quotation is entirely fabricated.[6] Accordingly, this fictitious source provides no basis for compelling disclosure of the probation report.

---

[5] DeBaere also cites to the Fourth Circuit's decision in *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018), in support of his § 3583(e)(1) argument. (Mot. to Compel 2.) However, that case involved a defendant's challenge to the reasonableness of his sentence and did not concern a motion to compel or a request for early termination of supervised release. Accordingly, *Ketter* is not relevant to the issues currently before the court.

[6] While courts are to construe *pro se* filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the court is concerned by DeBaere's reliance on an apparent fictitious quotation attributed to a non-existent legal authority. Rule 11(b)(1) states that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies to the best of the person's knowledge, information, and belief, formed after

Third, DeBaere cites Federal Rule of Criminal Procedure 32.1, arguing that although the rule does not explicitly require disclosure of the probation report, "it implies a right to access evidence used in termination proceedings to ensure a fair hearing." (Mot. to Compel 3.) The court disagrees. Nothing in the text of Rule 32.1 supports such implication, and DeBaere offers no supporting case law to suggest otherwise. While an individual facing a supervised release revocation hearing may be entitled to access evidence used against him—which could include a probation report—that scenario is not present here. An early termination motion does not implicate the same procedural safeguards. Accordingly, Rule 32.1 also does not support DeBaere's motion.

Fourth, DeBaere argues that the Fifth Amendment Due Process Clause entitles him to access the probation report, citing *Morrissey v. Brewer*, 408 U.S. 471 (1972). However, *Morrissey* addressed procedural protections in parole revocation—not the early termination of supervised release. The Court held that due process under the Fourteenth Amendment requires a parolee to receive notice of the claimed parole violation and an opportunity for a hearing before parole can be revoked. *Id.* at 488–89. In that case, parole was revoked based solely on a parole officer's written report, without any notice of the allegations, a hearing, or any opportunity to confront witnesses or challenge the evidence. The Court outlined the minimum due process

---

an inquiry reasonable under the circumstances [that] . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation [.]" Fed. R. Civ. P. 11(b)(1). As courts have recognized, the basic requirement of Rule 11 is "that an unrepresented party or a represented party's attorney conduct a prefiling investigation of law and fact which is objectively reasonable under the circumstances." *Harmon v. O'Keefe*, 149 F.R.D. 114, 116 (E.D. Va. 1993) (citing *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991)); *see* Fed. R. Civ. P. 11(b). A violation of Rule 11(b) may warrant sanctions. Fed. R. Civ. P. 11(c); s*ee e.g.*, *Kruglyak v. Home Depot U.S.A., Inc.*, 774 F. Supp. 3d 767, 772 (W.D. Va. 2025) (declining to impose sanctions on a *pro se* litigant for citing fictitious cases generated by AI, finding no bad faith, but emphasizing that "[i]f counsel relies on AI or other technology to draft a filing, he remains responsible for ensuring the filing is accurate and does not contain fabricated caselaw or quotations"). While the court cannot determine what sources DeBaere relied upon in drafting his motion to compel, it emphasizes that he remains responsible for verifying the accuracy and validity of all authority he cites.

6

protections required in that context, including the "disclosure to the parolee of evidence against him." *Id.* at 489. These procedural protections apply in the context of parole revocation—not in connection with a motion for early termination of supervised release, where different interests are at stake. *Cf. Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 9 (1979) (explaining that "parole *release* and parole *revocation* are quite different" because "[t]here is a crucial distinction between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires"); *Pierce v. Kobach*, No. 24-3048, 2024 WL 2860044, at *2 n.3 (10th Cir. June 6, 2024) (acknowledging same). DeBaere also cites a fictitious case, *United States v. Zai*, 939 F.3d 740, 746 (6th Cir. 2019), to support his due process argument.[7] Although two unpublished Sixth Circuit decisions titled *United States v. Zai* do exist, neither addresses due process rights or the disclosure of probation materials.[8] Accordingly, none of the due process authorities cited by DeBaere establish a constitutional right to access the probation report.

Fifth, and finally, DeBaere contends that "[c]ourts have inherent authority to compel production of documents necessary for fair adjudication." (Mot. to Compel 3.) He relies on

---

[7] Not only does the cited case not exist, but DeBaere once again includes a wholly fabricated quotation: "The court's failure to provide Zai with the probation report or its substance prevented him from addressing its contents, which informed the court's § 3553(a) analysis. This was reversible error." (Mot. to Compel 4.) The court reiterates that DeBaere is responsible for verifying the accuracy and legitimacy of all authority he cites. *See supra* n.6. The inclusion of fictitious or fabricated citations in future filings may result in the imposition of sanctions. *See* Fed. R. Civ. P. 11(c).

[8] Both unpublished opinions arise from the same case involving a defendant's appeal of a district court's denial of a motion for early termination of supervised release. In the first appeal, the Sixth Circuit held that the district court abused its discretion by failing to demonstrate meaningful consideration of the relevant 18 U.S.C. § 3553(a) factors, as required under 18 U.S.C. § 3583(e)(1). *United States v. Zai*, No. 22-3371, 2022 WL 17832201, at *7 (6th Cir. Dec. 21, 2022). There, the district court had merely signed and refiled the Probation Office's Supervision Report—without explanation—which the Sixth Circuit found insufficient to satisfy the court's obligation to consider the § 3553(a) factors. On remand, the district court conducted a proper § 3553(a) analysis and again denied the motion. *United States v. Zai*, No. 1:12-cr-71, 2023 U.S. Dist. LEXIS 39965, *5 (N.D. Ohio, Mar. 9, 2023). Zai appealed again, but this time the Sixth Circuit affirmed, holding that the district court did not abuse its discretion in denying his motion for early termination of supervised release, as it had properly considered the relevant § 3553(a) factors and provided a sufficient explanation for its ruling. *United States v. Zai*, No. 23-3248, 2024 WL 84084, at *2–4 (6th Cir. Jan. 8, 2024).

*United States v. Figurski*, 545 F.2d 389, 391 (4th Cir. 1976), and *United States v. Emmett*, 749 F.3d 817, 821 (9th Cir. 2014), but neither case supports his argument. In *Figurski*, the Fourth Circuit upheld the district court's refusal to grant a defendant access to the presentence report of a government witness. 545 F.2d at 392. The court emphasized that, "information contained in a presentence report should not be disclosed to third parties unless lifting confidentiality is required to meet the ends of justice." *Id.* at 391. Notably, *Figurski* arose in the context of a criminal trial, where the defendant sought the report for impeachment purposes during cross-examination—a markedly different context from DeBaere's request, which relates to a motion for early termination of supervised release. Similarly, *Emmett* is inapposite. Although the case involved a motion for early termination of supervised release, the issue in *Emmett* was whether the district court had provided a sufficient explanation for denying the motion. The Ninth Circuit vacated and remanded the denial because the district court failed to articulate any legal reasoning or cite any authority. *Emmett*, 749 F.3d at 820. The court emphasized that the district court ruled on the motion just five days after it was filed, without receiving a response from the government or the probation office. *Id.* at 819. Nothing in *Emmett* suggests that a defendant is entitled to access probation records as part of an early termination motion. Therefore, neither *Figurski* nor *Emmett* provides a legal foundation for DeBaere's motion to compel, and his reliance on them is misplaced.

In sum, DeBaere has failed to identify any valid legal authority—constitutional, statutory, procedural, or otherwise—that entitles him to access the probation report submitted to the court in response to his motion for early termination of supervised release. The authorities he relies upon are either fabricated, misquoted, inapposite, or mischaracterized. The court now turns to

8

the relevant legal authority that affirmatively establishes DeBaere is not entitled to such disclosure.

### 2. DeBaere is not entitled to the probation report.

Although DeBaere cited a fictitious provision of the *Guide to Judiciary Policy*, Vol. 8, Pt. E (*see supra* Section II.A.1), this authority nonetheless provides useful guidance in evaluating his motion to compel disclosure of the probation report submitted to the court in response to his request for early termination of supervised release. Section 510.10(a) of the *Guide* states:

> While a person may retain a copy of his or her presentence report under Rule 32(e) of the Federal Rules of Criminal Procedure, probation and supervised release files are under the court's jurisdiction. Disclosure of file content is determined by the chief probation officer under Guide, Vol. 20, Ch. 8 (Testimony and Production of Records).

Furthermore, the United States Probation Office "functions as a legally constituted arm of the judicial branch, with federal probation officers serving both as confidential advisors to, and officers of, the United States District Court." *United States v. Reyes*, 283 F.3d 446, 470 (2d Cir. 2002) (citing 18 U.S.C. § 3602(a)); *see also Fuller-Avent v. U.S. Prob. Off.*, 226 F. App'x 1, 2 (D.C. Cir. 2006) ("Federal probation offices are administrative units of the United States courts, and thus are not subject to the Privacy Act."). Accordingly, the decision to disclose a probation report prepared in connection with a motion for early termination of supervised release lies squarely within the discretion of the court.

Federal probation officers are statutorily obligated to "keep informed, to the degree required by the conditions specified by the sentencing court, as to the conduct and condition of a probationer or a person on supervised release, who is under his supervision, and report his conduct and condition to the sentencing court." 18 U.S.C. § 3603(2). As the Ninth Circuit has recognized, "[o]ff-the-record communications between judges and probation officers are a

9

normal part of the administration of justice, and not the least improper. . . . [E]ffective supervision calls for free and informal communication between judges and probation officers." *In re Jud. Misconduct*, 583 F.3d 597, 597 (9th Cir. 2009). It is the longstanding practice of this court to preserve the confidentiality of all communications between the Probation Office and the court regarding supervised release, absent exceptional circumstances. This confidentiality is essential to promoting candid assessments by probation officers and ensuring effective oversight of individuals under supervision.

For these reasons, DeBaere's motion to compel disclosure of the probation officer's report—prepared exclusively for judicial review in connection with his motion for early termination of supervised release—will be denied.

**B.  Motion for Early Termination of Supervised Release**

With the motion to compel now resolved, the court turns to DeBaere's request for early termination of his supervised release. (Mot. for Early Term. Sup. Rel.)

Under 18 U.S.C. § 3583(e)(1), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, the need to protect the public from further crimes of the defendant, and the need to avoid unwarranted sentence disparities among similarly situated defendants. 18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met. *Folks v. United States*, 733 F. Supp. 2d 649, 651

(M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. *Id.* (citing *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Id.* (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. *Id.* at 651–52 (collecting cases).

In support of his motion, DeBaere emphasizes over six years of full compliance with the conditions of his release, including abstaining from controlled substances, maintaining lawful employment, avoiding negative influences, and consistently reporting to his probation officer. He contends that supervision is no longer necessary, as he has completed all required programming and has demonstrated meaningful rehabilitation and reintegration into the community. Although he has actively pursued alternative employment, he notes that his efforts have been unsuccessful—suggesting that the conditions of supervision may be hindering his opportunities. He argues that early termination would remove these constraints, further support his reintegration, and expand the range of opportunities available to him. (Mot. for Early Term. Sup. Rel. 12–16.)

The United States opposes the motion, emphasizing the serious nature of DeBaere's offense and noting his admission, at the time of the offense, that he was sexually attracted to young girls and derived sexual gratification from the images he possessed. The government argues that he may still pose a risk of reoffending, and that continued supervision is necessary to protect public safety and deter future misconduct. It maintains that his request relies solely on his compliance—an expected condition of release—and lacks any compelling justification for

11

early termination. While acknowledging DeBaere's desire for a "renewed sense of freedom" and commending his compliance to date, the government ultimately urges the court to deny the motion. (*See generally* Dkt. No. 35.)

In his reply, DeBaere reaffirms his position, reiterating that his compliance with his supervised release conditions satisfies the § 3553(a) factors. (*See generally* Dkt. No. 36.) He argues that the government's opposition improperly relies on "[his] past conduct, speculation, perpetual supervision, non-statutory burdens, and erroneous PSR enhancements," in violation of § 3583(e)(1)'s "forward-looking directive." (*Id.* at 1.) He maintains that his supervision has already met its rehabilitative and deterrent goals, and that continued oversight serves no further purpose. Accordingly, he asks the court to grant early termination.[9] (*Id.*)

The court has also received a letter from DeBaere's probation officer, which confirms that he has complied with all directives, has been polite and courteous to the probation officer during all interactions, and has maintained self-employment as a painter, stable residence with his mother, and ongoing family contact, including frequent visits from his children. However, the probation officer declines to recommend early termination, citing guidance under § 360.20(b) of the *Guide to Judiciary Policy*, Vol. 8, Part E, which states that officers "should not recommend persons for early termination who have an identified higher risk to community safety." The officer further notes that while DeBaere's conduct is commendable, six years remains a relatively short period of supervised release for a sex offender. The only minor concerns of record are two

---

[9] Much like his motion to compel, DeBaere's brief is replete with fabricated and mischaracterized case law. For example, he cites *United States v. Parisi*, 363 F. Supp. 3d 281, 287–88 (W.D.N.Y. 2019), for the proposition that another district court granted early termination of supervised release for a similar offense, emphasizing the defendant's compliance. However, this case is entirely fabricated. DeBaere's 11-page filing includes more than 70 citations, and while the court will not address each fabricated or misrepresented case individually, it re-emphasizes that DeBaere is solely responsible for ensuring the accuracy and validity of all legal authorities he cites. Failure to do so in the future may result in the imposition of sanctions. (*See supra* n.6.)

inconclusive polygraph results from June and December 2022, with no other violations or issues noted.

While the court commends DeBaere for his continued compliance with the terms and conditions of his supervised release, it is unable to grant early termination at this time. A renewed analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a) does not support early termination and, in large part, reflects the same reasoning articulated in the court's prior denial of DeBaere's early termination request. (*See* Dkt. No. 31.)

The nature and circumstances of the offense to which DeBaere pleaded guilty remain very serious and weigh heavily against early termination. DeBaere possessed more than 1,300 images of child pornography, including depictions of sadistic or masochistic conduct and bondage of children, with some of the images being of prepubescent minors. Moreover, DeBaere admitted at the time of the offense that he is attracted to young girls. This admission is relevant not only to the nature of the offense, but also to DeBaere's personal characteristics, both of which must be considered under § 3553(a)(1). These facts, standing alone, reflect a serious criminal offense and an enduring concern about the underlying conduct that warranted a substantial term of supervised release.

The court also finds that the fifteen-year term of supervised release imposed in DeBaere's case is consistent with sentences commonly imposed in similar cases involving convictions under 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). For example, in *United States v. Grimmett*, Case No. 5:12-cr-00178, 2025 U.S. Dist. LEXIS 49606, *1 (S.D. W. Va. Mar. 14, 2025), the defendant was sentenced to fifteen years of supervised release following a guilty plea to possession of child pornography in violation of §§ 2252A(a)(5)(B) and 2252A(b)(2). Similarly, in *McMinn v. United States*, No. 2:16-CR-140, 2022 WL 1633622, at *2 (E.D. Va.

May 23, 2022), the defendant received a twenty-year term of supervised release for a conviction under § 2252A(a)(5)(B).  In *United States v. Stevens*, No. CR MJG-12-0136, 2018 WL 835717, at *1 (D. Md. Feb. 13, 2018), the court imposed a lifetime term of supervised release after a conviction for possession of child pornography under § 2252A(a)(5)(B).  As § 3553(a)(6) directs courts to avoid unwarranted sentence disparities among similarly situated defendants, the court finds DeBaere's sentence to be well-aligned with sentencing practices in comparable cases within the Fourth Circuit.

While DeBaere has been fully compliant with the terms of his supervised release for more than six years, this fact does not, in and of itself, provide a sufficient basis to warrant early termination.  Courts within the Fourth Circuit have consistently held that "full compliance with the terms of supervised release [is not a] sufficient bas[i]s to warrant early termination."[10] *United States v. Farris*, No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021) (citing *Folks*, 733 F.Supp.2d at 652 (collecting cases)).  Compliance with conditions of supervised release is expected, not exceptional.  Therefore, the court gives minimal weight to DeBaere's record of compliance.  As the court in *United States v. Whisnant* observed, "Defendant's [compliant] conduct while on supervised release neither weighs in favor, nor against, early termination."  No. 1:14-cr-00024, 2024 WL 1526135, at *3 (W.D.N.C. Apr. 8,

---

[10] DeBaere challenges the reasoning in *Farris* and contends that his compliance with the terms of supervised release constitutes "changed circumstances" and "exceptionally good behavior" sufficient to justify early termination, citing *United States v. Ponce*, 22 F.4th 1045 (9th Cir. 2022). (Mot. for Early Term. Sup. Rel. 12.) However, DeBaere mischaracterizes the holding in *Ponce*. In that decision, the Ninth Circuit clarified that early termination motions are governed by the standard set forth in 18 U.S.C. § 3583(e)(1), which permits termination if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  The court expressly rejected the notion that a showing of "exceptionally good behavior" or "changed circumstances" is a prerequisite to relief.  Rather, such circumstances *may* warrant termination of supervised release. *Ponce*, 22 F.4th at 1047.  Instead, district courts must evaluate such motions by considering the relevant factors set forth in § 3553(a) and determine if a defendant's conduct warrants termination and whether termination serves the interest of justice. *Id.*
　　This court has applied the correct legal standard, consistent with *Ponce*.  As explained herein, the court finds that the applicable § 3553(a) factors support the continuation of DeBaere's term of supervised release at this time.

2024). In *Grimmett*, despite the defendant having served over half of a 15-year supervised release term and maintaining full compliance without incident, the court denied early termination, finding those facts insufficient to overcome the § 3553(a) considerations given the seriousness of the underlying conviction. Case No. 5:12-cr-00178, 2025 U.S. Dist. LEXIS 49606, *1–3. Here, DeBaere has not yet served half of his supervised release term, and although his compliance to date is commendable, it is not a basis that justifies early termination.

Also, while the court acknowledges the constraints of supervised release, including the struggles of obtaining new employment, these are not justifications that warrant early termination. *See United States v. Gross*, No. CR 05-0717 ADS, 2012 WL 259923, at *2 (E.D.N.Y. Jan. 27, 2012) ("[T]he fact that supervised release has made it difficult to find new employment is not a reason to grant early termination."). Unfortunately, these struggles will likely follow DeBaere well beyond the conclusion of his supervised release. However, the court finds great hope and optimism in DeBaere's compliance and actions over the past six years. Based on the information before the court, it is apparent that DeBaere is well on his way towards full rehabilitation. However, the court finds further supervision is still needed at this time.

In sum, although DeBaere's compliance with the conditions of supervised release is commendable, it does not outweigh the serious nature of the underlying offense, the need for continued deterrence, and the importance of protecting the public. Moreover, given the relatively short period of supervised release he has served compared to the full fifteen-year term, and compared to other similarly situated defendants, the court finds that continued supervision remains appropriate. Accordingly, DeBaere's motion for early termination of supervised release will be denied.

III.  CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that DeBaere's motion to compel production of the probation office's supervision report (Dkt. No. 38) is DENIED.  It is further ORDERED that DeBaere's motion for early termination of supervised release (Dkt. No. 32) is DENIED WITHOUT PREJUDICE.

The Clerk is directed to send a copy of this memorandum opinion and order to Mr. DeBaere, all counsel of record, and the United States Probation Office.

Entered: August 27, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge